■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORELLO GOMEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered November 21, 1990, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In his testimony before the jury, and through counsel, the defendant contended that he broke into the complainant's premises because he was homeless and was looking for a place to sleep, as opposed to having an intent to steal.

The defense claims that the trial court was too restrictive in its rulings as to the defendant's efforts in presenting this version to the jury, and that given the defendant's assertion that the house looked abandoned, the trial court unduly limited the defense in cross-examining the complainant as to the appearance of the house. The defendant also claims that the trial court unduly restricted his efforts, during his own testimony, to tell the jury why he broke in. We agree that the court should have allowed the defendant greater leeway in these areas, and that some of its rulings were unnecessarily restrictive. In all, however, the defense eventually presented its assertions to the jury, which had a satisfactory basis on which to weigh and evaluate them. In light of the overwhelm-

ing proof of guilt, including the disarray that the defendant caused to the premises—a condition compatible not with sleeping, but with stealing—we conclude that no reversible error took place.

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.